### ROBINSON v. PHILLIPS, appellant.

*Adverse possession — charge to jury.*

Where owners of adjoining lands erroneously locate a line fence, twenty years' occupation up to such fence is sufficient adverse possession to enable the person whose deed does not cover the land to hold the same.

The refusal of the judge at circuit to charge the jury that the evidence did not show adverse possession, there being some evidence tending to show it, *held* correct.

THIS is an action of ejectment, brought to recover a narrow strip of land, situate between adjoining farms owned by the plaintiff and defendant respectively, described in the complaint as a strip one hundred and fourteen rods long and two rods in width at the south

end, and one and a-half rods wide at the northerly end, in the town of Conewango, Cattaraugus county.

The cause was tried at the October circuit in that county, in 1871. The plaintiff proved that his farm, for twelve years, had been in his possession; that it was bounded, when he purchased it, by a ditch and board fence, extending south from the road one hundred and twenty or one hundred and twenty-five rods, and from the end of this ditch and fence a rail fence continued south eighty rods and then a bush fence further on to a creek; that this fence was removed by the defendant in April previously, forty-two links at the south end and twenty-six links at the north end, and that the defendant was then in possession of the strip of land up to the fence as removed easterly on to plaintiff's land.

The defendant then gave in evidence the deed of her lot, dated December 4, 1867, and also the deed to plaintiff of his lot, dated April 6, 1859, and the proofs showed that the paper title to said strip of land was in the defendant.

Both parties gave evidence in respect to the time of the building of the said fence so removed as aforesaid, the situation of the ditch and the time and manner of the occupation of plaintiff's land by him and those under whom he claimed, and gave evidence tending to show a location by agreement of the line in 1844, where said fence stood, and the case was then submitted to the jury, who found a verdict for the plaintiff for the strip of land contained in his complaint.

A motion was made for a new trial at special term, which was denied, and the defendant appealed to this court.

*Goodwill & Stevens,* for appellant.

*Torrance & Allen,* for respondent.

E. D. SMITH, J. This case comes before us, not professing to set out the full evidence or proceedings at the circuit, and presenting but a brief statement of the charge of the judge with a single exception to his refusal to charge as requested. The question of fact tried at the circuit was simply whether there had been such a practical location of the boundary line between the two farms, and such a recognition of such line or claim and occupation in respect thereto as to make it the true boundary between the said farms, independent of

Robinson v. Phillips.

the line as indicated by the paper title. The circuit judge charged the jury that, if the division line was established by Crooker and Barlow (grantors of the plaintiff and defendant respectively), or those under whom they claimed, and they possessed and occupied respectively up to such line, recognizing it as the true boundary, and such occupation and acquiescence by them and their successors continued twenty years or more, prior to the removal of the fence by the defendant — the plaintiff claiming up to such line — then the plaintiff was entitled to recover, otherwise he was not entitled to recover.

The court further charged that the evidence does not show any such disturbance as to the line as to disturb the question of acquiescence.

The counsel for the defendant then requested the judge to charge that the evidence does not show any adverse possession on the part of the plaintiff.

The court refused so to charge, and the defendant's counsel duly excepted thereto. This is the only exception in the case.

The judge could hardly be expected to charge in a general form or phrase as the request asked. He could not truly have said there was no evidence tending to establish an adverse possession, nor could the judge properly have passed upon the force of the evidence, and charge that it did not show any adverse possession.

The request virtually asked the judge to take from the jury the very question he had just submitted to them. But obviously this was not the view of the counsel. The question was, doubtless, based upon his view of the law in respect to what constituted an adverse possession in such case. It was admitted at the trial, and the judge had charged that the paper title to the strip of land in question was in the defendant. This fact, it was admitted, was established by the surveys as applied to the description in the deeds produced at the trial. The defendant's counsel argued from that fact probably at the circuit, as he does here, that the strip of land in dispute not being covered by the plaintiff's deed, there was no basis for the claim of an adverse possession under sections 82 and 83 of the Code.

This, I think, was the mistake of the counsel. The plaintiff did claim under a deed as much as the defendant. He and his grantors had claimed, since 1843 or 1844 as I understand the facts, that the ditch which separated the two farms part of the way and the rail

fence that was constructed in continuation of such ditch, built by Barlow, plaintiff's grantor, with or by the consent and direction of Crooker, defendant's grantor, in 1843 or 1844, was on the true line between such farms. The deeds of both parties, it was then considered, if the witness Lorenzo Barlow was to be believed, took the respective parties to this ditch.

Both parties claimed under deeds which they supposed took them to this ditch. These deeds were in this view respectively sufficient to base a claim on each side to go to such ditch and to hold adversely up to the same. It appears from the result of this investigation at the trial, that there was a mutual mistake in the construction of the plaintiff's deed, and that the true line of the deed stopped a little distance short of the ditch. The deed, nevetheless, protects his possession if he had in good faith occupied according to his fence and this ditch, claiming adversely for the full period of twenty years before the commencement of this action. *Baldwin* v. *Brown*, 16 N. Y. 363. The judge correctly charged, and held that such possession must be continued for twenty years to give him a valid title by possession of the strip of land in controversy, according to the well-settled rule that no location or possession short of twenty years under claim of title adversely would bar an entry. *Clark* v. *Baird*, 9 N. Y. 204; and *Drew* v. *Swift*, 46 id. 209. · I think the judge at special term correctly disposed of this question, and that the order made by him denying a new trial should be affirmed.

*So ordered.*