JAMES POPE, Respondent, v. LEWIS HANMER, Appellant.

Where, in an action of trespass, it appeared that the legal title to the *locus in quo* was in plaintiff; that it was wood land, fenced on two sides, one of the other sides being an unfenced highway, and the fourth indicated only by marked trees. *Held,* that defendant could not claim such an occupancy as constituted adverse possession within the meaning of section 85 of the old Code.

A grantee, whose lands are by his deed bounded by a definite line, cannot be said to claim under that instrument lands outside of that line; and, although such lands have been constructively possessed by him for more than twenty years, he claiming them to be within the line, this is not a possession under claim of title founded on "a written instrument as being a conveyance of the premises in question" within the meaning of section 82 of the old Code.

To constitute adverse possession therefore of lands not included in a conveyance the possession must be actual as required by section 85.

*Robinson* v. *Phillips* (65 Barb., 418), limited.

In an action of trespass where the question in controversy was as to the location of the line between the parties, *held,* that it was competent to prove by a surveyor that the line claimed by plaintiff was necessary to give the quantity of land called for by his deed.

(Submitted April 19, 1878; decided September 17, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict, and affirming an order denying a motion for a new trial. (Reported below, 8 Hun, 265.)

The nature of the action and the facts are sufficiently set forth in the opinion.

*Chas. S. Baker*, for appellant. No such possession was in plaintiff as would entitle him to maintain this action, because defendant was in possession of the *locus in quo* under a fair color of title. (*Campbell* v. *Arnold*, 1 J. R., 511; *Toby* v. *Webster*, 3 id., 468; *Dunhorn* v. *Stuyvesant*, 11 id., 569, 571; *Frost* v. *Duncan*, 19 Barb., 560; *Halleck* v. *Mexir*, 16 Cal., 574, 579; 31 id., 154, 159; 1 Hil. on Torts [2d ed.], 578.) It is enough for one claiming by adverse possession that he entered into possession under a claim of title founded upon a written instrument as being a conveyance of the premises. (Code, § 82; *Robinson* v. *Phillips*, 65 Barb., 418, 428, 429.) The *locus in quo* was sufficiently inclosed. (*Backer* v. *Van Valkenburgh*, 29 Barb., 319; *Bell* v. *Hartley*, 4 W. & S., 32; *Campbell* v. *Traver*, 9 B. Mun., 82; *Crary* v. *Goodman*, 22 N. Y., 170; *Robinson* v. *Phillips*, 65 Barb., 418, 428, 429.)

*J. McGuire*, for respondent. An entry upon lands to constitute an adverse holding must be under a claim or color of title. (*Crary* v. *Goodman*, 22 N. Y., 170; *Fish* v. *Fish*, 39 Barb., 513; *Hallas* v. *Bell*, 53 id., 247.) The occasional use of unimproved and uninclosed lands is not such an adverse holding as will ripen into a title. (*Trustees of East Hampton* v. *Kirk*, 4 W. Dig., 223; *Miller* v. *L. I. R. R. Co.*, 5 id., 528.) To constitute an adverse possession it must be an actual enjoyment of the land for agricultural purposes, or the possession must be marked by distinct boundaries and certain, public and notorious. (*Doolittle* v. *Tice*, 41 Barb., 181; *Lane* v. *Gould*, 10 id., 254; *Doe* v. *Campbell*, 10 J. R., 477; *Jackson* v. *Wheat*, 18 id., 338; *Jackson* v. *Warford*, 7 Wend., 62; *Corning* v. *Troy Iron and Nail Factory*, 34 Barb., 529; affirmed, 44 N. Y., 577; *Brant* v. *Ogden*, 1 J. R., 156; Tyler on Ejectment, 889, 890, 895; 10 Barb., 254; 57 id., 610; *Lamb* v. *Coe*, 15 Wend., 642–646; *Jackson* v. *Woodruff*, 1 Cow., 286, 505.) Where a party has a deed for an entire lot of land, a part of which is actually occupied and substantially inclosed, the legal effect of the

deed is to enlarge the occupation and create a constructive possession of the remainder. (*Jackson* v. *Woodruff*, 1 Cow., 276; *Jackson* v. *Bowen*, 1 Cai., 358; *Jackson* v. *Olitz*, 8 Wend., 440; *Jackson* v. *Hazen*, 2 J. R., 22; *Wickham* v. *Freeman*, 12 id., 183; *Miller* v. *Shaw*, 7 S. & R., 143.)

CHURCH, Ch. J. This is an action of trespass, originally commenced in a justices' court, and transferred by the interposition of a plea of title by the defendant. The plaintiff and defendant own and occupy adjoining farms in the town of Reading, Steuben county.

The south line of the defendant's farm, and the north line of the plaintiff's farm, was the lot line between lots 3 and 4, and was so recognized and described in their respective deeds. A rail fence had been built running east and west through the woods, which the plaintiff claims was some distance south of the true line, and the alleged trespass was committed between that fence and the true line north of it as claimed by plaintiff.

The defendant's contention was, 1st. That the fence was on the true line between the two lots ; and 2nd. That the fence had been practically located as the true line, and had been acquiesced in for upwards of twenty years.

There was conflicting evidence as to where the true line was, and also upon the question of practical location, and these questions seem to have been properly submitted to the jury, and no serious point is made with respect to them.

After the jury had retired, they returned into court, when among other things the judge charged *that there was no question of adverse possession in the case,* which was excepted to by the defendant. This constitutes the principal question in the case, and the correctness of the charge depends upon whether the case is within sections 82 and 83, or sections 84 and 85 of the late Code. The former protects a title, by continued adverse possession for twenty years, when the entry was under claim of title " founding such claim upon a written instrument as being a conveyance of the premises in question."

The possession is sufficient in such cases, if the land has been used for the supply of fuel, or of fencing timber for the purposes of husbandry, or the ordinary use of the occupant, or where a known farm or single lot has been partly improved, that portion left uncleared or uninclosed, is regarded as having been occupied for the same length of time as the other.

The eighty-fourth section protects a title by adverse possession under a claim of title, not founded upon a written instrument, to premises " actually occupied and no other," and the eighty-fifth section prescribes what occupation is necessary for the purpose, 1st. Where it has been protected by a substantial inclosure ; 2nd. Where it has been usually cultivated and improved.

If the rail fence was the true line as claimed by the defendant, then of course no question of adverse possession could arise, and no such question could arise if the fence had been practically located as the true line. It is clear also that the title by adverse possession, could not be protected under the eighty-fourth and eighty-fifth sections of the Code, for the reason that the premises in dispute were not protected by a substantial inclosure nor usually cultivated and improved.

The *locus in quo* was woodland, fenced only on two sides, one of the other sides being an unfenced highway, and the other side indicated only by marked trees, and had never been cultivated and improved within the meaning of the statute.

In the case of *Jackson* v. *Schoonmaker* (2 J. R., 229), Kent, Ch. J., said : " There must be a real and substantial inclosure, and actual occupancy, a *pedis possessio*, which is definite, positive, and notorious to constitute an adverse possession, when that is the only defense, and is to countervail a legal title," and it was held in that case that making a fence by felling trees lapping each other was not sufficient. (See, also, *Doolittle* v. *Tice*, 41 Barb., 181; *Lane* v. *Gould*, 10 id., 254; Tyler on Ejectment, 861.)

The statute was intended to recognize the distinction between actual and constructive possession. The former being necessary when the claim of title is not under a

written instrumet, while the latter will suffice where it is.

This brings us to the question which is the turning point in the case, whether the defendant's claim of title to the *locus in quo*, can be said to be *under a written instrument*, or in other words whether a grantee, whose lands are bounded by a definite line can be said to claim under that instrument, lands outside of such line, though constructively possessed for more than twenty years, and claimed to be within the line.

The defendant never claimed to own any land south of the south line of lot number three. His deed embraced no other. His only contention was, that the fence was the line.

It seems to me incongruous to say that a person claims title under a written instrument, to land not included in the instrument, and the language of section 82, repels such an idea. It requires "continued occupation and possession of the premises included in such instrument."

Where premises are included in the instrument under which the title is claimed, constructive possession as provided by section 83 is sufficient, while to the land not included in the instrument the possession must be actual as required by section 85.

The defendant claimed that the south line of lot 3, included the premises in question, but if he was mistaken in that claim, then his deed did not include the premises, and he cannot be said to claim title to the land in controversy under his deed. This principle was to some extent involved in *Jackson* v. *Woodruff* (1 Cow., 276), WOODWORTH, J., in delivering the opinion said : "Color of title under a deed, and occupancy of part is sufficient proof as to a single lot, yet it follows from the doctrine laid down, that the deed or paper title under which the claim is made, must in the description include the premises," and he cited *Jackson* v. *Lloyd* (MSS. decided in October, 1820), where it appeared that the defendant had a deed for lot number 4, but took possession of lot number 5, adjoining, believing it to be his lot, and claiming it as such. It was held that the defendant could not establish an adverse possession to the whole lot by the actual improvement of a part, because no part of lot number 5 was,

included in the deed. The same principle was involved in *Enfield* v. *Day* (7 N. H., 457), where the court said, "it is clear that the original charter does not cover the land, and any possession of the land in dispute under that charter is clearly without even color of title."

In *Hale* v. *Glidden* (10 N. H., 397), this principle was still more explicitly decided. It was there held that where the tenant entering on land, which was conveyed to him by deed defining the extent of his grant, and he improved beyond these limits, under a belief that the land so improved was included in his deed, he had no color of title to such land, and could have no constructive possession without the limits of the deed.

The same doctrine was recognized in *Crary* v. *Goodman* (22 N. Y., 170).

We have been referred to no authority in conflict with these views unless it be the case of *Robinson* v. *Phillips* (65 Barb., 418). It does not distinctly appear in that case what the character of the possession or occupation was, but some of the expressions of the learned judge who delivered the opinion are not, I think, sustained by the authorities.

Exception was taken to the refusal of the judge at the close of the case to direct a verdict for the defendant on the ground that it was not shown that plaintiff was in possession. The answer to this is, that the possession follows the title, which is equivalent to actual possession. (*Holmes* v. *Seely*, 19 Wend., 508; *Wickham* v. *Freeman*, 12 J. R., 184.)

It was competent to prove by the surveyor that the line claimed by the plaintiff was necessary to get the quantity called for by the plaintiff's deed, not as conclusive but as a circumstance bearing upon the question as to whether it was the true line.

The case was somewhat complicated in some of its aspects, but we are unable to discover any other questions of law involved.

The judgment must therefore be affirmed.

All concur, except MILLER and EARL, JJ., absent.

Judgment affirmed.