O’Gorman, J.
It was conceded by both sides that there was no question of fact to go to the jury.
The plaintiffs put in evidence as the origin of their title, conveyances made in 1787 and 1793, to one Tallas Hopper, of a tract of land in Harlem, and also a map of the same, the correctness of which was supported by the evidence of experts, showing that the lots in suit were part of the tract covered by these conveyances. Plaintiffs also gave evidence that Tallas Hopper was living in 1828 and then resided on a farm known as the “ Tallas Hopper farm,” which was situate between lines now known as 83d street and 84th street and Second avenue, *25 and also that the lines of fences of that farm which ran East and West and North and South existed within recent memory, and that the tract of land thus hounded was substantially the same as that covered by the map.
This paper title is carried by a series of conveyances down to the plaintiffs, and, coupled with actual or constructive possession in Tallas Hopper, constitutes seizin, and a prima facie title in him, which enures to the benefit of his successors in interest (Pope v. Hanmer, 74 N. Y., 243).
Tallas Hopper died in 1830, and there is no evidence that the plaintiffs, or any of their ancestors or grantors, other than he, had any actual possession of this tract of land or any part thereof.
In an action in ejectment, the plaintiff must depend for success on the strength of his own title, not on the weakness of that of his adversary, and must prove his right to immediate possession and that he was seized or possessed of the premises in question within twenty years before the commencement of the action (Code Civ. Proc., § 365). The mere production of isolated conveyances as proof of title, without proof of possession, is not enough (Stevens v. Hauser, 39 N. Y., 304; Gardner v. Heart, 1 Ib., 529). In addition to paper title, the plaintiff in an action in ejectment must show also possession in the grantor, or possession accompanying the deeds—without this, he proves no title.
But where it is found or conceded that a party named has title, that is sufficient—his possession will be presumed, and the occupation by any other person is presumed to be subordinate to the legal .title, unless it appears that the premises have been held adversely twenty years before action brought (Stevens v. Hauser, supra, 304 ; Carleton v. Darcy, 46 Super. Ct., 493 ; Roberts v. Baumgarten, 51 Ib. 482).
° The paper title and the actual possession being proved to have been in Tallas Hopper in 1829, a legal seizin and constructive possession, which enured for the benefit of *26 his successors in interest, are presumed, and the burden of proving adverse possession for twenty years before commencement of the action rests on the defendants (Code, § 368).
To maintain this defense, the defendants have proved that in 1848 the tract of land, within which these lots were situated, was vacant and unfenced; that the lots were sold for unpaid taxes, and that a lease for a term of twenty-five years from date was made, on September 5, 1848, to George W. Matsell, who thereupon entered into occupation of the lots and built five houses thereon. The term of this lease expired on September 5, 1873. The occupation by Matsell under this tax lease (and no other paper title is proved in him), did not constitute adverse possession against the OAvners of the fee, and he could not, during the continuance of the lease, sustain a claim to any higher title than that of lessee under a term of years (Bedell v. Shaw, 59 N. Y., 46).
On February, 1857, Matsell executed a quit claim deed of these lots to one Andrew Mickle, and the deed Avas duly recorded on March, 1857. Mickle thereupon entered into occupation of the lots and collected the rents of the houses built thereon. On February 29th, 1857, Matsell assigned to Mickle the tax lease, and that assignment was also duly recorded Avithout delay, and the tax lease continued in possession of Mickle until the end of the term. After Mickle had been in possession of the premises for about one year, he was disseized by Matsell, who resumed occupation of the premises and continued to occupy them for his own benefit until November 1, 1864, when he conveyed them to his son George Matsell, Jr., by an absolute deed. This deed was duly recorded on November 11, 1864, and thereupon Matsell, Jr., entered into actual possession of the premises and continued in possession until the commencement of this action.
On November 15, 1861, the lots had been again sold for unpaid taxes, and a lease thereof of that date and *27 for the term, of fifteen years had been executed by the city to one Francis Owens, who assigned the lease to George Matsell the elder, on December 2, 1862. The term of this tax lease did not expire until November, 1876.
Thus from September 5, 1848, to September 5, 1873, and from that time to November, 1876, a period of twenty-eight years, the premises were held subject to one or other of these tax leases.
The defendant Matsell, Jr., claims that he has held adverse possession of these lots for nineteen years, that is to say, from November 1, 1864, when he received the deed from his father to October 9, 1883, when this action was begun, and that he is entitled to add to that period the period when his father held also adverse possession, which period together would exceed twenty years. The question is whether this claim can be maintained.
As to the title acquired by Matsell, Jr., by the deed from his father to him, it has been held that an entry under a deed, even although an invalid deed, coupled with actual possession in the grantee, is entry under a colorable title and adverse possession (Sand v. Hughes, 53 N. Y., 287, 294, 295). The same doctrine may apply also to the title acquired by Mickle under deed from Matsell, Sr., under which Mickle held possession for a vear.
But in order to the establishment of a possession, as against the owner in fee, defeating his title, the possession must be adverse to the legal title, and founded on a written instrument and under a claim of title exclusive of any other right. During the time of possession claimed to be adverse the owner in fee must not be under any disability preventing him from asserting his title by action of ej ectment against him who holds adversely. No possession can be deemed adverse to a party who has not at the time the right of entry and possession (Robinson v. Phillips, 65 Barb., 418, af *28 firmed ; 56 N. Y., 634). Possession and claim under a municipal tax lease are not adverse to the claim of the owner in fee (Bensel v. Gray, 62 N. Y., 633). Possession of land to establish a title to the fee must be accompanied by claim of title in fee (Bedell v Shaw, 59 N. Y., 46 ; approved in Hilton v. Bender, 69 Ib., 79).
The only paper title that Matsell, Sr., could claim was for a term of years, and the law will not from the mere fact of his possession adjudge him to be in, under a higher right or larger estate (Ib., 50). Any occupation which he may have had of the premises before receiving the tax lease was without any paper title, and was not, from all that appears, in assertion of any claim of special title or otherwise openly adverse to the title of the plaintiffs (Crary v. Goodman, 22 N. Y., 175).
During all the twenty-eight years under which the premises were subject to possession under the tax lease, the plaintiffs could have maintained no action of ejectment. In order to maintain an action of ejectment the plaintiffs must be legally entitled to immediate possession, and that would be impossible while the right to possession was in the tax lessee (Kukell v. Haley, 47 How., 82, 75).
Again, the defendants’ title depends on the alleged disseizin of Mickle by Matsell, Sr. Matsell had before that conveyed the lots to Mickle, who had entered, and but for the disseizin the title would have been in him. The facts on which this legal result of disseizin is predicated, do not appear in the evidence, and if, in fact, there was no disseizin, but only a re-entry by Matsell, Sr., by consent and acquiescence of Mickle, no new or stronger title was acquired by Matsell, and he held only by mere occupation, without any paper title or any claim of any specific title as against the plaintiffs which would establish adverse possession.
But putting the argument solely on the fact that during the thirty-five years which had elapsed from 1848, when Matsell, Sr., entered in occupation of the lots, to *29 the time of the commencement of the action in 1883, there was for twenty-five years some one holding a tax lease of the premises, and in possession, or having right to take possession of the lots under the tax lease, and that during that period the plaintiffs could not have successfully maintained an action of ejectment, or recovered immediate possession of the lots, I am of opinion that, during that period, they were not occupied adversely under claim of title hostile to the plaintiffs, and their cause of action was not barred.
The plaintiffs’ exceptions are sustained and a new trial is ordered, with costs to abide the event.