Pratt, J.
This is an action for trespass, involving the title to land.
The plaintiff holds under a deed describing his land by courses and distances, and the alleged trespass did not take place upon the land described in his deed, but upon adjoining land which the plaintiff claimed to own by adverse possession, and by practical location by the parties.
At the close of the testimony, the court directed a verdict for the defendant. We think this direction was proper. There was no evidence sufficient to justify a jury in finding that the plaintiff owned the land where the alleged trespass occurred.
It was clear that the evidence did not make out adverse possession under the statute, as it was never inclosed by a fence or actually cultivated and improved. Paragraphs 872 and 368, Code of Civ. Pro.; Pope v. Hammer, 74 N. Y., 240.
Fencing one, or even both ends of the strip down to the water, was not such an inclosure as the law required to establish adverse possession. Yates v. Van de Bogert, 56 N. Y., 526; Luke v. Carley, 24 Wend., 251.
It was incumbent upon the plaintiff to prove a hostile possession of the land in question, exclusive of any other right; this he utterly failed to do. On the other hand, it appeared that his grantor only assumed to include in the deed precisely what had been originally conveyed, which did not include the land in question. The fact that the original deed from Gridley reserved the right to flow to extent of three feet is not material, as it does not clearly appear but that flowing to that height might interfere with the land described in the deed. Even if it did not, it was competent for the grantor to make such a reservation for purposes of his own. In no sense could such a reservation extend to the boundaries as described in the deed. Neither do the facts of the case constitute a practical location of the line as claimed by the plaintiff. There was never any dispute or question as to the line, no doubt as to the meaning of the deeds, and no actual going upon.the land and locating of the lines.
We have examined the exceptions taken upon the trial, and find none sufficient to warrant a reversal of the judgment.
The motion for a new trial was properly denied. It is immaterial what was the intention of Gridley, since he plainly expressed in his deed the land conveyed.
The judgment and order must be affirmed, with costs.