## HILL *v.* EDIE.

*(Supreme Court, General Term, Fifth Department.   June 23, 1888.)*

1. BOUNDARIES—EVIDENCE—TEMPORARY REMOVAL OF FENCE.

In trespass, where the title to a strip of land is in dispute, and plaintiff's evidence tends to show that such strip is included in the conveyance under which he holds,

but his deed describes one boundary of his land as at a certain place, and defendant claims to that place, and gives evidence that a fence has been maintained on that line for more than 20 years continuously, by consent of the adjoining owners, the question of the true location of the line is for the jury, though there is evidence that the fence was once removed for the purpose of clearing out briers where it was located; such temporary removal not being deemed an interruption of the continued evidence of the line.

2. SAME—EVIDENCE—LOCATION OF FENCE.
    Under a claim to land by adverse possession, where there is evidence that a certain brush and pole fence was treated by the adjoining owners as a fence on the line, and that claimant's grantors claimed to it as such, and that their occupation up to that fence was notorious, the question whether such fence was a substantial inclosure is for the jury, though one witness testifies that the fence was made by the then owner of the land without reference to the line, and merely to turn cattle.

3. SAME—ADVERSE POSSESSION—INCLOSURE OF PREMISES.
    Although Code Civil Proc. N. Y. § 372, provides that to constitute an adverse possession the land shall have been "protected by a substantial inclosure," the fact that a portion of one end of a narrow strip of land lies open to the highway will not defeat a claim to such land by adverse possession, where it appears that the entire length of the strip was within the fences inclosing the premises owned by the claimant, and was cultivated as part of such premises.

Appeal from Cattaraugus county court.

Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ.
W. Woodbury, for appellant.    W. S. Thrasher, for respondent.

BRADLEY, J.    The action was brought for an alleged trespass upon the land of the plaintiff, who had a verdict of six cents damages.    The verdict was practically in favor of the defendant, as the damages awarded to the plaintiff were for a trespass by the defendant upon the land of the plaintiff the title to which was not in controversy, while the jury found that the disputed strip of land belonged to the defendant.    The parties owned land within lot No. 1, township 6, range 8, Holland Land Company's survey, Cattaraugus county.    The defendant's land is west of that of the plaintiff; and the latter claimed that a strip about three rods in width was the west part of his land, and belonged to him.    This was disputed by the defendant, who claimed title to it.    That strip of land was the main subject of the litigation, and as to that the plaintiff failed to recover.    The only questions here for consideration arise upon exceptions taken by the plaintiff at the trial, as the appeal is only from the judgment entered on the verdict.    Whether or not the judgment is against the weight of the evidence cannot be considered on this review.

The exception taken by the plaintiff's counsel to the refusal of the court to direct a verdict for the plaintiff was not well taken.    The evidence on the part of the plaintiff tended to prove that this disputed strip of land was within the boundaries of the conveyance under which he held; and starting the survey from the south-east corner of lot 1, and observing the distances given by the deed, that strip seems to be embraced within such boundaries. But the deed describes the west line of the plaintiff's land as fifteen chains and two links east from the west line of lot No. 1.    And a witness on the part of the defense gives evidence tending to prove that the line fifteen chains and two links east from the west line of lot one was that claimed by the defendant, and did not bring the disputed strip within the boundaries of the plaintiff's deed.    The weight and force of the evidence locating the west line of lot 1 was for the jury.    The line, as claimed by the defendant, was where there had been a fence, which, as contended by him, was a line fence between the lands of the parties.    And there is evidence to the effect that, as early as 1837, there was a brush and log fence there, which continued until 1860, when, by consent of the then owners of the lands, it was taken up for the purpose of plowing and clearing out the briers, etc., along where it was located, which was done, and in 1861 a new fence was rebuilt on the line of the old fence by the parties then owning and occupying the lands; which fence remained there until 1877, when a portion of it was taken away by Edie, and in 1881 the

other part of it was taken away by the plaintiff's grantor before the convey-
ance to the plaintiff. The testimony was not entirely in harmony on the sub-
ject, but the evidence presented a question of fact which permitted the jury
to find that this fence was maintained by the owners of the lands, and acqui-
esced in by them as the line between the lands for more than 20 years contin-
uously, and in that view might be treated as a practical location of the line
between the lands and the true line between them. *Baldwin* v. *Brown,* 16
N. Y. 359; *Reed* v. *Farr,* 35 N. Y. 113; *Robinson* v. *Phillips,* 65 Barb. 418;
*Swettenham* v. *Leary,* 18 Hun, 284. The temporary removals of the fence
for the purpose of clearing out the brush along and adjacent to it would not
be deemed an interruption of the continued evidence of the line. The evi-
dence permitted the inference that such was the united purpose on the part of
the then owners of the land at the times referred to. And the question of
fact upon which the practical location depended was properly submitted to the
jury, and the verdict rendered was warranted by the evidence upon that sub-
ject.

The court also submitted to the jury the question of adverse possession by
the defendant of this strip of land. The plaintiff's counsel requested the
court to charge the jury that, if they found the land laid out to the commons,
and was not inclosed by a fence along the road, it was not such a substantial
inclosure as the law required. The court declined to change the charge as
made, and exception was taken. This request was evidently made on the as-
sumption that the disputed strip was not covered by the defendant's deed, and
in view of the claim made by the defendant of adverse possession, and of
rights derivable from it. In such case, when the claim rests upon inclosure
merely, it must be substantial and effectual as such. Code Civil Proc. § 372;
*Pope* v. *Hanmer,* 74 N. Y. 240, affirming 8 Hun, 265. The court, however,
charged the jury on this subject as fully as could be required. Then the fact
that, a portion of the time, for the distance of a few rods along the highway,
at the north end of the strip, there was no fence, would not necessarily defeat
the claim of adverse possession founded upon substantial inclosure, as the
strip its entire length was within the fences which inclosed the premises of
which the defendant became the owner, and was cultivated with and as part
of them by those under whom the defendant derived his title. *Jackson* v.
*Halstead,* 5 Cow. 216; *Becker* v. *Van Valkenburgh,* 29 Barb. 319. We think
the plaintiff was not prejudiced by the refusal to charge as so requested.

There was no error in the refusal of the court to charge that the brush and
pole fence upon the line, previous to that which the evidence tended to prove
was constructed in 1861, did not constitute a substantial inclosure, and the
court properly left that question to the jury. This might be treated more
effectual than merely felling and and lopping trees around a parcel of land, as
was the case in *Jackson* v. *Schoonmaker,* 2 Johns. 230. The jury were per-
mitted to find that this was treated by the parties as a fence on the line, and
that the defendant's grantors claimed to it as such; and that the occupation
by them, under whom the defendant took title, was notoriously up to that
fence, as the east line of the land they respectively occupied. The evidence
of the one witness that the fence was made by the then occupant of the land
now owned by the plaintiff without reference to the line, and merely to turn
cattle, is not conclusive upon the fact, in view of the other evidence given
upon the trial, and the circumstances bearing upon the question of the pur-
pose of the parties in the construction and maintenance of that old fence, and
its relation to the line between the adjacent lands.

There were some other requests to charge made by the plaintiff's counsel,
and exceptions taken to the refusals of the court to charge as requested.
They related to the sufficiency of the evidence to submit to the jury the ques-
tion of adverse possession founded upon cultivation or improvement of the
strip of land by those under whom the defendant holds. We think there was

no error in the ruling, and that the question in that respect was properly submitted to the jury.   The plaintiff's counsel took no exception to the charge as made in any respect.

We have carefully examined the several objections and exceptions taken by the plaintiff's counsel to the reception of evidence, and fail to find error there, or in any of the rulings of the court, to which exception was taken upon the trial.   The judgment should be affirmed.

BARKER, P. J., and HAIGHT and DWIGHT, JJ., concur.