THE MISSION OF THE IMMACULATE VIRGIN FOR THE PROTECTION OF HOMELESS AND DESTITUTE CHILDREN IN THE CITY OF NEW YORK, Respondent, *v.* MICHAEL CRONIN, Appellant.

Where land is uninclosed, uncultivated, unimproved and unoccupied, the facts that a person has for twenty years claimed title thereto, surveyed it, marked its boundaries by monuments, cut trees thereon from time to time, and for a few years has paid taxes thereon, do not establish an adverse possession, nor do these facts, in the absence of a constructive or actual possession, authorize the presumption of a grant from the true owner.

*Roe* v. *Strong* (119 N. Y. 316); *McRoberts* v. *Bergman* (132 id. 73), distinguished.

(Argued October 30, 1894; decided November 27, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 17, 1892, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Abner C. Thomas* for appellant.   The admission that the partition of 1809 is the common source of title is fatal to the plaintiff's case.  (Code Civ. Pro. §§ 368–372.)   The acts of trespass committed by the grantors of the defendants in cutting cedars on the property did not constitute possession. (*Thompson* v. *Burhans,* 61 N. Y. 52; 79 id. 93, 99, 100 ; *Miller* v. *Downing,* 54 id. 631 ; *Munro* v. *Merchant,* 28 id. 9 ; *Argotsinger* v. *Vines,* 82 id. 313 ; *Wheeler* v. *Spinola,* 54 id. 377, 387 ; *Price* v. *Brown,* 101 id. 669.)

*James F. Swanton* for respondent.   To sustain the appeal of the defendant it must be shown as a matter of law that the evidence was not sufficient to sustain the plaintiff's claim of title.   (*Thompson* v. *Simpson,* 128 N. Y. 270.)   The property was wild land.   It was admitted that it formerly belonged to Bannister.   The plaintiff's grantors claimed a title for many years prior to this suit being brought.   They conveyed the property and exercised all the acts of ownership of which the property admitted.   These facts established a title by adverse possession.   If not sufficient to sustain that claim then they were sufficient to justify the presumption of a grant of the fee from Bannister or his descendants.   (*Roe* v. *Strong,* 119 N. Y. 319 ; *McRoberts* v. *Bergman,* 132 id. 73 ; Code Civ. Pro. § 370, subd. 3.)   The property was only since 1884 taxed.   It was assessed as belonging to the plaintiff.   The plaintiff paid the taxes.   This fact, in connection with the other facts above referred to, considering the nature of the property, makes out a *prima facie* title.   (*Hager* v. *Hager,* 38 Barb. 92.)

EARL, J.   This is an action of ejectment, commenced April 10th, 1889, to recover about thirty acres of land known as lots 4 and 5 of the second division of Rockaway Beach.   The land extends along the Atlantic ocean about 1,320 feet with a depth back from the ocean of about 900 feet.   In 1809 there was a partition proceeding in the Court of Common Pleas of Queens county for the partition among alleged owners of a large tract of land including this land, and in that proceeding this land was set off to Thomas Bannister in the right of his wife Rachel, and it was admitted upon the trial that both parties claimed under that partition.   The plaintiff, upon the trial, gave no evidence of any conveyance from or under the Bannisters, and gave no documentary evidence connecting its title with the Bannister title.   The only documentary evidence of title it gave was as follows:   A deed dated January 28th, 1869, from Benjamin C. Lockwood, Jr., and his mother to Charles Donohue, and a deed from Donohue to the plaintiff, dated January 4th, 1881.   There was no proof whatever show-ing any title in the grantors of Donohue from or under the Bannisters; and so there is no claim that the plaintiff had a documentary chain of title.   The defendant claims the right of possession of the land as lessee from a grandson of the Bannisters, and the complaint alleges that he entered into possession of the land May 1, 1887, and he has ever since been in possession thereof.

The plaintiff claims title in two ways : by adverse possession, and, failing in that, by proof from which the court could presume a grant from or under the Bannisters.   We think both claims of title are unfounded.   This was uninclosed, uncultivated, unimproved and unoccupied land.   The plaintiff and its predecessors had exercised some acts of apparent ownership upon the land.   They had claimed title to the land, surveyed it, marked the boundaries thereof by monuments, from time to time cut trees upon it, and for a few years paid the taxes thereon.   All these acts, as we have frequently held, fall short of showing adverse possession as defined in the Code.   (Sec. 272; *Wheeler* v. *Spinola*, 54 N. Y. 377; *Thomp-*

*son* v. *Burhans*, 61 id. 52; *Miller* v. *Long Island R. R. Co.*, 71 id. 380; *Thompson* v. *Burhans*, 79 id. 93; *Price* v. *Brown*, 101 id. 669.)

The plaintiff cannot claim constructive possession of the land under section 370 of the Code, because no part of the tract was improved, and the trees cut therefrom were not cut for use upon the tract, but for use upon other land at least two miles distant.

The presumption of a grant of the land from or under the Bannisters to some one of the plaintiff's predecessors rests upon an equally slender foundation. Here there was claim of title for many years, and acts upon the land consistent with and indeed indicative of ownership. But such claim and acts, in the absence of actual or constructive possession going with them and characterized by them, have never of themselves been held sufficient to authorize the presumption of a grant from the true owner. The plaintiff's claim of title extends back less than twenty years prior to the defendant's possession. Its deeds are all modern, and any title derived from the Bannisters must have been modern as they were living in 1809. If upon such facts as exist here a grant could be presumed it would be easy for a claimant to land to get around the careful provisions of law as to adverse possession. If he failed to show facts sufficient for adverse possession, he could yet use the same inadequate facts to raise a presumption of a grant. The plaintiff's counsel places reliance upon the two cases to which he calls our attention, and which we will notice. In *Roe* v. *Strong* (119 N. Y. 316) there was dispute as to plaintiff's title to upland and the adjacent land under the water of Setauket bay. The plaintiff established his title to the upland bounded by high-water mark on the bay by a chain of title running back more than two hundred years, and he showed a chain of title to the land below high-water mark in front of his upland for more than one hundred years, running back to a deed from Joseph Brewster to Andrew Seaton, dated January 21, 1768, and he showed acts of ownership upon the land covered by this deed running back so far as the memory of

living witnesses could go. The land under water originally belonged to the town in which it was situated. The town had nearly two hundred years before the trial of that action conveyed away the adjacent land under water, being all the land it owned on Setauket bay, except the land covered by the Brewster deed, making a boundary upon the land covered by that deed. Under such circumstances, with others not here mentioned, this court held that a deed from the town to Brewster or some one under whom he held should be presumed, and the presumption was made in favor of the owner of the upland. That case is widely different from this. In *McRoberts* v. *Bergman* (132 N. Y. 73) the land in dispute was a sand beach on the lower bay of New York adjacent to the plaintiff's upland, and the beach was occupied and used in connection with the upland, and as part of the same farm, the beach and the upland constituting a single lot. The plaintiff proved a chain of title to the lot running back for much more than one hundred years. Whatever presumptions were indulged in there furnish no precedent for this case.

We are, therefore, of opinion that the plaintiff failed to show a title to the land in question sufficient for the maintenance of this action, and that the judgment should be reversed and a new trial granted.

All concur.

Judgment reversed.