# Bush *v.* Thomas.

## *Forcible Entry and Detainer.*

(Decided May 13, 1909. Rehearing denied June 30, 1909.
50 South. 133.)

1. *Forcible Entry and Detainer; Prior Possession of Plaintiff.*— In an action of forcible entry and detainer constructive possession is not sufficient, but plaintiff must show prior actual possession which if continued for the necessary period would vest title.

2. *Same; Evidence; Deed.*—Until plaintiff has given evidence of actual possession of the land in question or a part thereof, a deed to plaintiff is not admissible in evidence to show the extent of the possession, the action being forcible entry and detainer.

3. *Same; Sufficiency of Evidence.*—The evidence in this case stated and examined and held not sufficient to show actual possession of the land in the plaintiff.

APPEAL from Jefferson Circuit Court.
Heard before Hon. A. A. COLEMAN.

[Bush v. Thomas.]

Forcible entry and detainer by J. W. Bush, against John Thomas. The court directed a verdict for defendant and the plaintiff appeals. Affirmed.

BUSH & BUSH, for appellant. The deed was clearly admissible for the purpose of proving the constructive possession of the appellant.—*Clements v. Hayes,* 76 Ala. 284. The evidence showed prior possession in the plaintiff.—*Donahue v. Holmes,* 107 Ala. 492; *Fearn v. Bierne,* 129 Ala. 435; *Bibby v. Thomas,* 131 Ala. 350; *Welden v. Schlosser,* 74 Ala. 355; *Humes v. Bernstein,* 72 Ala. 546.

JOHN H. MILLER, for appellee. This action is defined by statute.—Sec. 4262, Code 1907. Constructive possession will not support it.—*Farley v. Bay Shell Road Co.,* 125 Ala. 184; *Donahue v. Holmes,* 107 Ala. 492; *Knowles v. Ogletree,* 96 Ala. 558; *Espalla v. Gottschalk,* 95 Ala. 354; see, also, 75 Ala. 80; 56 Ala. 190; 32 Ala. 541; 6 Ala. 486; 4 Ala. 353; Minor 98; 2 Port. 86. On these authorities, the court did not err in excluding the deed.

SIMPSON, J.—This action of forcible entry and unlawful detainer was brought by the appellant against the appellee, and the general affirmative charge was given in favor of the defendant. The plaintiff's evidence was the testimony of a civil engineer, who testified that about two years before the trial he had made a survey of the land for the plaintiff; that he located the corners of the land and had stakes put down. He attached a plat of the land, made by him, showing that it was divided into lots, streets, and alleys, and stated that he had put down stakes for the streets and lots; that it was vacant, unimproved, uncultivated, and unoccupied; and that he never went back on it. Another witness testified that he assisted in the survey, and never went back on the land,

except to offer the lots for sale. Another, that at the plaintiff's instance he went on the land once or twice, employed laborers to continue to cut out and open up the streets during the year 1907, and walked over the land, saw the stakes, and offered lots for sale. Plaintiff testified that before defendant took possession he told plaintiff that he (plaintiff) had 10 acres of land that belonged to defendant, and plaintiff told him to sue for it if he thought he had a better title, and that shortly thereafter defendant placed a fence around the land. Plaintiff offered in evidence a deed to the land, which was excluded. Plaintiff then offered the deed, "and to limit the evidence of the deed to the possession of the entire tract of land," and the court again sustained the objection to the introduction of the deed.

In the action of forcible entry and unlawful detainer, the plaintiff must show prior actual possession. Constructive possession is not sufficient.—*Clements v. Hays,* 76 Ala. 281; *Farley v. Bay Shell Road Co.,* 125 Ala. 185, 192, 193, 27 South. 770. The plaintiff must show such actual possession as, if continued for the necessary period, would vest in him a title.—*O'Donohue v. Holmes,* 107 Ala. 490, 18 South. 263. The deed could not be admitted to prove constructive possession, and the question then arises: Was it admissible for the purpose of showing the extent of the plaintiff's possession? A deed is admissible for that purpose only when the party is in actual possession of a part of a tract of land, in order to show the extent of his possession.

"Mere color of title does not draw possession to one who is not in, or does not take, actual possession of some part of the land."—*Black v. T. C. I. & R. R. Co.,* 93 Ala. 111, 9 South. 537; *Bailey v. Blacksher Co,* 142 Ala. 257, 37 South. 827. The evidence in this case was not sufficient to show actual possession in the plaintiff.—1 Cyc.

993; *Livington v. Pendergast,* 34 N. H. 544, 550; *Dillon v. Mattox,* 21 Ga. 113, 117; *Mission, etc., v. Cronnin,* 143 N. Y. 524, 38 N. E. 964; *Bynum v. Hewlett,* 137 Ala. 334, 34. South. 391; *O'Donohue v. Holmes, supra; Elyton Land Co. v. Denny,* 108 Ala. 553, 562, 18 South. 561.

There was no error in excluding the deed. The possession must be open, notorious, adverse, and continuous.

There was no error in giving the general charge in favor of the defendant.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.