Lyons Holding Corporation and Others, Respondents, *v.* Home Title Insurance Company, Appellant.

Second Department, April 26, 1937.

*Clarence F. Corner* [*John S. Russell* with him on the brief], for the appellant.

*James J. McLoughlin* [*Robert L. Callahan* with him on the brief], for the respondents.

Per Curiam. The action was brought by the plaintiffs against the defendant, a title insurance company, to recover damages alleged to have been sustained by plaintiffs as the result of negligence in searching a title to real estate consisting of 565 acres, which negligence resulted in the alleged failure of a corporation, of which plaintiffs were the majority stockholders, to obtain title to 153 of those acres. Trial was had without a jury and judgment was rendered in favor of plaintiffs.

In our opinion, (1) no claim or cause of action for negligence ever vested in the plaintiffs; (2) assuming, however, that such claim and cause did thus vest, there is no proof that the 192 State Street Corp. failed to receive title to the 153 acres, title to which, the plaintiffs allege, wholly failed; in fact, the corporation received title thereto;

(3) even assuming such vesting of the claim in plaintiffs and such failure on the part of the corporation to receive title, there was no proof of the alleged negligence of the defendant.

The plaintiffs were merely the majority stockholders of the 192 State Street Corp. which advanced to that corporation the purchase price of the 565 acres. On behalf of the corporation, one Kegel made application in his own name to the defendant to examine, certify and insure the title. The defendant did so. It issued to the corporation its policy insuring the title. The plaintiffs, stockholders, were not the principals of the corporation in its transactions with the defendant; the corporation was not their agent therein. There was no privity of contract between plaintiffs and the defendant; the latter, therefore, owed no duty to the plaintiffs by reason of the transactions (*Savings Bank* v. *Ward*, 100 U. S. 195); and hence the plaintiffs were never vested with the alleged cause of action, which cause, if any, belongs to the corporation.

Further, the proofs demonstrate as a matter of law that the easterly line of the 565 acres is located in the position to which the defendant assigns that line; concededly, the proper location of that line is determinative of the action; therefore, on this ground, the plaintiffs proved no cause of action.

Finally, there is no proof of negligence on the part of the defendant. Its duty in searching and certifying the title was the same as that of an attorney employed by a client for that purpose. (*Ehmer* v. *Title Guarantee & Trust Co.*, 156 N. Y. 10.) The plaintiffs' claim of negligence here is founded upon the omission of the defendant to go outside the chain of title to the property. The defendant was under no duty to do this. (*Buffalo Acad. of Sacred Heart* v. *Boehm Bros.*, 267 N. Y. 242.)

The judgment should be reversed on the law, with costs, and the complaint dismissed on the merits, with costs.

Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

Judgment reversed on the law, with costs, and complaint dismissed on the merits, with costs.