CAMERON ESTATES, INC., Respondent, v. GEORGE T. DEERING et al., Defendants, and MARY STEGMAIER et al., Appellants.— In an action to determine a claim to approximately 559 acres of land in Suffolk County, the appeal is from the judgment in favor of plaintiff. Certain of the defendants also bring up for review two intermediate orders, the first of which denied said defendants' motion for judgment on the pleadings on the ground that the third amended complaint did not state facts sufficient to constitute a cause of action, and the

second of which denied, without prejudice, plaintiff's motion to amend the third amended complaint. Judgment modified on the law and the facts so as to except and exclude from the parcel owned by plaintiff the property conveyed to defendant County of Suffolk by the tax deeds recorded February 5, 1936, and February 11, 1937, referred to in paragraphs "Fifth" and "Sixth" of its answer, and as so modified, the judgment is unanimously affirmed, without costs. In our opinion, the overwhelming weight of evidence establishes that the boundaries of plaintiff's property are as claimed by it and as determined by this court in *Lyons Holding Corp.* v. *Home Tit. Ins. Co.* (250 App. Div. 640). Plaintiff's title is unaffected by title registration proceedings under the Torrens Law (Real Property Law, art. 12, § 370 *et seq.*), neither plaintiff nor its predecessors in title having been parties to such proceedings or having received notice thereof. (Cf. *Partenfelder* v. *People*, 211 N. Y. 355.) The proceedings resulting in the tax deeds to defendant County of Suffolk were jurisdictionally defective. (*Seafire, Inc.,* v. *Ackerson,* 193 Misc. 965, affd. 275 App. Div. 717, affd. 302 N. Y. 668; *Bryan* v. *McGurk,* 200 N. Y. 332, 336.) However, section 53 of the Suffolk County Tax Act (L. 1929, ch. 152, as amd. by L. 1941, ch. 140) is a valid Statute of Limitations and bars the assertion by plaintiff of jurisdictional defects leading to the tax sales, as to the two deeds recorded six years or more prior to the commencement of the action in 1944. (*Matter of Kantor [Hutner],* 280 App. Div. 605.) The fourth amended complaint, served in 1951, did not substitute a new cause of action for that originally alleged, so as to permit the County of Suffolk to rely on the bar of section 53 as to tax deeds recorded in 1940, but merely expanded or amplified the cause of action previously asserted. (Cf. *Lewis* v. *Wilson & Co.,* 275 App. Div. 9, 12.) The other contentions advanced by defendants are without merit. The fourth amended complaint, upon which the parties went to trial, sufficiently pleaded the real essentials necessary for a recovery under article 15 of the Real Property Law (cf. *Niagara Falls Power Co.* v. *White,* 292 N. Y. 472, 480; *Dime Sav. Bank* v. *Butler,* 167 App. Div. 257, 259, affd. 215 N. Y. 708); and in any event, since the proof disclosed the required facts, the complaint may be amended accordingly (*Neal & Co.* v. *New York So. Coal Term. Corp.,* 270 App. Div. 816, affd. 295 N. Y. 977). The defense of adverse possession was not sustained by the proof. Defendants' claim of title was not founded upon written instruments, within the purview of sections 37 and 38 of the Civil Practice Act (cf. *Pope* v. *Hanmer,* 74 N. Y. 240; *Voight* v. *Meyer,* 42 App. Div. 350) and there was no evidence that the premises were actually possessed or occupied as required by sections 39 and 40 of the Civil Practice Act. Moreover, the proof relied upon, to the effect that the person, from whom defendants derived title, cut wood on the property at unspecified times and unstated intervals, is insufficient to constitute adverse possession even under sections 37 and 38. (Cf. *Mission of Immaculate Virgin* v. *Cronin,* 143 N. Y. 524, 526; *Wiechers* v. *McCormick,* 122 App. Div. 860, 864.) Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Appeal, insofar as it is from the two orders relating to the third amended complaint, dismissed, without costs. The complaint to which the motions were directed has been superseded by a fourth amended complaint. (Cf. *Kolber* v. *Kolber,* 267 App. Div. 837, and *Waterman* v. *Marpet,* 281 App. Div. 896.) Present — Nolan, P. J., Carswell, Adel, Wenzel and Beldock, JJ. Settle order on notice. [See 282 App. Div. 696, 713, 839.]