■ HELEN R. HANNAH, Respondent, v. BAYLON HOLDING CORP., Appellant. —In an action pursuant to article 15 of the Real Property Actions and Proceedings Law to compel determination of a claim to real property, defendant appeals from a judgment of the Supreme Court, Suffolk County, dated April 29, 1969 and made after a nonjury trial, which adjudged plaintiff the fee owner of certain 3.536 acres of land and fixed its southern boundary as claimed by her. Judgment reversed, on the law and the facts, with costs, and complaint dismissed. In our view, the Suffolk County tax deed dated June 23, 1954 conveying the affected property to defendant's predecessor in title disposes of the issue before us. The subject property was described in the deed as numbered lots on a certain subdivision map styled "Manor Park, Map 1157, Section A", filed in the office of the County Clerk of Suffolk County on February 16, 1934. The tax sale was for nonpayment of taxes for the year 1947. The record before us does not demonstrate the existence of a "double assessment" situation, which plaintiff's counsel claimed at the trial (cf. *Cameron Estates* v. *Deering*, 281 App. Div. 985, mod. 308 N. Y. 24); nor does respondent speak to that issue on this appeal. Accordingly, we find the tax sale to have been valid and the deed issued by the County of Suffolk to appellant's predecessor unimpeachable at this late date (Suffolk County Tax Act, § 63; *Lee* v. *Farone*, 261 App. Div. 674, affd. 288 N. Y. 517; *Hefner* v. *Northwestern Life Ins. Co.*, 123 U. S. 747, 751). We are also of the opinion that respondent has not established the southern boundary of the parcel claimed by her with a fair degree of certainty (*Sandiford* v. *Town of Hempstead*, 97 App. Div. 163, affd. 186 N. Y. 554). In order to support a judgment in her favor, it was incumbent upon her to prove, by a fair preponderance of the credible evidence, that the only possible location for the southern boundary was along a line she designated as a "woods road". Close examination of the record indicates that the "certain road" referred to in her predecessor's deed could just as well have been located along a line claimed by appellant. Respondent's proofs consisted, *inter alia*, of certain declarations purportedly made by her ancestors and predecessors in title, now deceased, respecting the property boundaries. It does not appear, however, that any of these deceased declarants actually pointed out the claimed boundaries (*Partridge* v. *Russell*, 50 Hun 601; *Beattie* v. *Garrison* 204 App. Div. 335, affd. 236 N. Y. 574; 5 Wigmore, Evidence [3d ed.], § 1567); nor were these declarations brought within the reputation exception to the hearsay rule (*McKinnon* v. *Bliss*, 21 N. Y. 206, 218). It was thus error to receive those statements in evidence, over objection. Were we not dismissing the complaint for the reason first given, we would reverse and grant a new trial on the latter considerations. Rabin, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.