DAVID GRIFFIN, Respondent, *v.* GEORGE K. OTIS, Appellant.

(Submitted February 6, 1886 ; decided March 2, 1886.)

*Archibald S. Sessions* for appellant.

*Samuel E. Fairfield* for respondent.

Agree to affirm ; no opinion.
All concur.
Judgment affirmed.

---

CHARLES S. GRIFFIN, Respondent, *v.* CORNELIA C. GRAY et al., Appellants.

(Argued February 5, 1886 ; decided March 2, 1886.)

*J. W. Rayhill* for appellants.

*C. D. Prescott* for respondent.

Agree to affirm ; no opinion.
All concur.
Judgment affirmed.

---

MARY PRICE et al., Respondents, *v.* SEPTIMUS BROWN et al., Appellants.

A person cannot acquire title to land, which is uninclosed, unoccupied and un-improved, by taking a deed thereof from one not the owner and then going upon the land and asserting his ownership, or making occasional entries upon the land for grass or sand.

(Submitted February 6, 1886 ; decided March 2, 1886.)

THE nature of this action, and the material facts are stated in the opinion, which is given in full :

" This action was brought to recover damages for a trespass alleged to have been committed by the defendants upon land. The plaintiffs claimed title to the land, and the defendants

claimed that the land was owned by Louisa A. Carll, and justified their acts under her.

"In order to maintain their action it was incumbent upon the plaintiffs either to prove a good paper title to the land or the possession thereof which was wrongfully invaded by the defendants.

"The land was a piece of inclosed sandy beach upon Long Island Sound, and the title thereof seems to have been in dispute for many years. The plaintiffs attempted to prove their paper title as follows: A deed from Platt Scidmore to his children Hannah A. Scidmore and Brewster P. Scidmore, dated September 17, 1818, conveying a piece of land described as follows: ' Piece or parcel of salt or sedge meadow lying and being in Crab meadow, bounded on the west by the beach or sound; on the east by the meadow of Joel Scidmore; on the south and west by the creek, containing six acres;' deed from Brewster Scidmore and Abigail his wife, to Henry Ketcham, dated April 21, 1835, conveying the same land by the same description; deed from Henry Ketcham and his wife, formerly Hannah A. Scidmore, to Lewis Ketcham dated May 31, 1852, conveying the same piece of land by the same description except that it is bounded north instead of west by ' the beach or sound;' will of Lewis Ketcham dated May 7, 1870, in which he devised to John E. Hudson land as follows: ' A piece of meadow lying at Crab meadow which I bought of Henry Ketcham containing six acres, bounded on the east by the meadow of the late Joel Scidmore, on the south and west by the creek and on the north by the beach or sound;' will of John E. Hudson dated November 17, 1880, in which he devised land to the plaintiffs as follows: ' The tract of meadow and sand situated at Crab meadow and devised to me by the last will and testament of Lewis Ketcham, deceased.' There is no certainty that the land described in these deeds and wills is the same land described in the complaint as follows: ' North by Long Island Sound, east by land of           Scidmore or Ann M. Parrot, the eastern boundary being a straight line from the sound to the creek, on the south and south and west by Crab meadow creek.' It does not appear that Platt Scidmore had any title

to the land or that he held any conveyance thereof, or that he or Brewster P. Scidmore ever possessed the same, or performed any acts of ownership thereon, or exercised any dominion whatever over the same; and it does not appear that this barren sand beach was in the actual possession of any of the grantors named in the deeds put in evidence by the plaintiffs at the times of the execution of such deeds, or that it was in the possession of the persons who executed the wills at the times of the execution of such wills or the deaths of the devisors. The plaintiffs' paper title therefore utterly fails, and it remains only to be inquired whether upon the evidence they had such a title founded upon possession as enabled them to maintain this action against the defendants.

" Henry Ketcham received his deed of the land in 1835 and executed the deed to Lewis Ketcham in 1852, and during all that long period all he is proved to have done upon the land was to dry some grass thereon a number of times which he had cut upon the Crab meadow. Lewis Ketcham, who took his deed in 1852, and died more than twenty years thereafter, performed about the same acts upon the land. Some of the grass dried upon the beach by Lewis and Henry Ketcham may have been cut upon the beach, about a half acre of poor grass being cut each year for several years, and the whole process of cutting and drying taking but a short time in each year. Subsequently Hudson and the plaintiffs took and sold some sand from the beach on several occasions. From time to time the Ketchams, Hudson and the plaintiffs asserted their title to the lands, which, however, was disputed.

" I have now given all the acts of dominion and ownership which the plaintiffs and those under whom they hold exercised over the land. They never inclosed, cultivated or improved the land in any way, and never had, so far as appears, the actual possession of the place where the alleged trespass was committed. A person cannot acquire title to an uninclosed, unoccupied, unimproved parcel of land by taking a deed thereof from one not the owner, and then merely going upon the land and there asserting his ownership; nor can he acquire the title by taking such a deed and then making an occasional foray

upon the land for grass or sand, and thus committing trespass against the real owner. (*Miller* v. *L. I. R. R. Co.*, 71 N. Y. 380.)

"We think the defendants gave evidence of their title full as significant as that given by the plaintiffs of their title. As to their paper title it was as follows: Deed from Zopher Scidmore to Nathaniel Scidmore, dated August 30, 1815, conveying land described as follows: 'On the south by Augustine Fleete's meadow, on the east by the highway that leads to the landing; on the north by the sound, and to run west as far as to include all my right between the east boundary line and Crab meadow gut or inlet.' It does not appear that the grantor owned the land described or that he ever possessed the same. The grantee died intestate December 28, 1847, and his heirs, by a deed dated February 1, 1869, conveyed the same land to Louisa A. Carll, under whom the defendants justified. Nathaniel Scidmore claimed to own the beach, and exercised various acts of ownership thereon. He collected and sold paving stones therefrom, cut wood and pastured his cattle thereon, and took, removed and gave permission to others to take seaweed therefrom; and once he sued a person for cutting wood thereon. It does not appear that after his death his heirs did any thing upon the beach prior to their conveyance to Mrs. Carll. All this evidence failed to show any title or possession in Mrs. Carll which would enable her to sue any one for trespass upon this beach.

"We are, therefore, of opinion that the plaintiffs should have been nonsuited and that the judgment should be reversed and new trial granted, costs to abide event."

*Thomas Young* for appellants.

*N. S. Ackerly* for respondents.

EARL, J., reads for reversal and new trial.
All concur.
Judgment reversed.