THEODORE F. FREUND, PLAINTIFF, *v.* CHARLES C. OSTRANDER, DEFENDANT.

*Title by adverse possession — a purchaser bound to accept it — Code of Civil Procedure, secs. 368, 369.*

A good title by adverse possession is made out by force of sections 368 and 369 of the Code of Civil Procedure, as against a prior outstanding title in a grantee who has died leaving no infant heirs, by one who, having entered into possession under a written instrument purporting to be a conveyance of the premises, has been in actual continuous possession thereof for more than twenty years under such instrument under one claim of title, and while in possession has erected and maintained buildings and otherwise improved the land under claim of title.

Such adverse possession comes within the exception stated in section 368 of the Code of Civil Procedure, to the rule therein laid down, that mere possession is presumed to be under the legal title, and that occupation by another is deemed to have been in subordination to the legal title, "unless the premises have been held and possessed adversely to the legal title for twenty years before the commencement of the action "

A title thus acquired by adverse possession must be accepted by a purchaser under a contract which provides that "the party of the second part shall not refuse to take title to said premises by reason of the party of the first part having, or claiming to have, title by adverse possession, unless that the party of the first part does not hold a good title by adverse possession."

SUBMISSION of a controversy on an agreed statement of facts, the question presented by which was whether the defendant should be compelled to accept a deed of certain premises in the county of Suffolk, under a contract between the parties dated March 7, 1892, whereby the plaintiff agreed to sell, and the defendant to purchase, the premises in question for the stipulated price of $6,000, $100 of which was paid at the time as a deposit, the deed to be delivered on April 6, 1892.

It appears from the agreed statement of facts, in addition to the facts stated in the opinion, that on the 6th day of April, 1892, as provided in the afore-mentioned contract, the plaintiff attended at the time and place provided for the delivery of the deed mentioned in the contract, and thereupon tendered an executed deed containing the usual full covenants, conveying and assuring to the defendant the ·title to said premises in fee simple, and demanded the balance of the purchase-money due. That thereupon the defendant refused to pay the balance of said purchase-money, or to receive said deed on the grounds that the plaintiff held no title to said premises either by adverse possession or otherwise. ·

The plaintiff demanded judgment, that defendant specifically perform said agreement and accept the deed tendered by the plaintiff, and .pay to the plaintiff the balance of said purchase-money, with interest from April 6, 1892, besides the costs of this action.

Defendant demanded judgment that the court adjudge that the plaintiff has not a good title to the premises hereinbefore described by adverse possession, or otherwise; that the defendant be relieved from accepting the deed tendered by the plaintiff; that the plaintiff repay to the defendant the $100, his said deposit, and interest from March 7, 1892, and that the plaintiff pay to the defendant his expenses incurred herein, besides the costs of this action.

Chapter 475 of the Laws of 1890, to which, as is stated in the opinion, the deed under the contract in question was to conform, is the act providing for short forms of deeds and mortgages.

*Elliott J. Smith*, for the plaintiff.

*George H. Bruce*, for the defendant.

BARNARD, P. J. :

The plaintiff and his grantors have occupied the premises in question continuously since January, 1862, under operative conveyances. The several owners, while in possession, have erected and maintained buildings and otherwise improved the lands under their claim of title. In March, 1892, the plaintiff agreed to sell the land to the defendant by deed, according to the provisions of chapter 475, Laws of 1890. The agreement contained this clause : " And it is mutually understood and agreed, by and between the parties to this contract, that the party of the second part shall not refuse to take title to said premises, by reason of the party of the first part having, or claiming to have, title by adverse possession, unless that the party of the first part does not hold a good title by adverse possession." The record of deeds in the clerk's office of Suffolk county show a record of a deed conveying the premises in question by Catherine Fleet to Horace Greely, dated April 5, 1851, and recorded June 14, 1854. Horace Greely died leaving no infant heirs. The plaintiff's title is good under section 369 of the Code. The entry of the plaintiff and his grantors was under a claim of title founded on a written instrument as being a conveyance of the premises in question, and there has been a continued occupation and possession of the premises included in the deed for over twenty years under the same claim. By section 368 of the Code mere possession is presumed to be under the legal title, and occupation by another is deemed to have been in subordination to the legal title, " unless the premises have been held and possessed adversely to the legal title for twenty years before the commencement of the action." Such an adverse possession is proven by the long occupancy under a series of warranty deeds from the beginning of 1862 to the present time. In *Price* v. *Brown* (101 N. Y., 669) it did not appear that any of the plaintiffs grantors were ever in the actual possession of the lands. A title acquired by adverse possession is as good as one obtained by grant. (*Sherman* v. *Kane*, 86 N. Y., 57.)

There should be judgment for the plaintiff upon the submitted case, with costs.

PRATT, J., concurred.

Judgment for plaintiff upon submitted case, with costs.