## LUCY A. DRAPER *vs.* HENRY H. MONROE.

Where platted land is described in a deed by plat numbers and also as bounding on a street, without further qualification, the boundary will be deemed to be the street as actually opened and used, and not as marked out on the plat.

M. being the owner of a tract of land on both sides of Ocean street comprising part of a plat of lots designated by numbers, conveyed three of said lots, one of them being lot 90. The lots were designated in the deed by their plat numbers, to which description were added the words : "Ocean St. being on the West side thereof." Ocean street was marked out on the plat as adjoining lot 90 but as actually laid out, opened, and used it was fifty feet west of the platted location.

*Held*, that under this description M.'s deed conveyed not only lot 90 as indicated on the plat, but all the intervening land up to the line of Ocean street as actually opened and used.

D., who subsequently, by mesne conveyances, became the owner of a portion of the land described in M.'s deed, (including lot 90 and the intervening land up to Ocean street, all of which bounded southerly on Summer street,) conveyed to the defendant in 1866 a lot described in the deed as bounding southerly on Summer street fifty feet, westerly on Ocean street seventy-five feet, northerly by other land of the grantor fifty feet, and easterly by other land of the grantor seventy-five feet.

*Held*, that lot 90 was not included in the deed to the defendant, but was expressly excluded by its terms.

In order to effect a disseisin, it is essential that there should be an entry on the land with the intention to usurp the possession and oust the true owner of the freehold. Being a tortious acquisition of an estate, it must be shown affirmatively and by strict proof. The mere fact of occupation of a vacant lot with-

out anything to show that such occupation was, or was intended to be, adverse, is not sufficient to create a disseisin.

A petition for a new trial upon the ground of mistake in supposing that a deed under which the petitioner claims title had been put in evidence, when in fact it had not, will not be granted when it appears, upon inspection of the deed, that it could not have affected the decision of the case.

DEFENDANT'S petition for a new trial.

*November* 1, 1893. STINESS, J. The defendant asks for a new trial upon the ground of mistake in supposing that a deed, under which he claims title to the estate in question, had been put in evidence at the trial, when in fact it had not. The deed being now produced for our own inspection, we are of opinion that the petition should be denied, for the reason that the deed could not have affected the decision of the case. The action was trespass and ejectment. The plaintiff put in deeds which made out her claim of title and called the defendant as a witness, to show his occupation of the land, who testified that he bought the lot in question, fenced and planted it and had been in possession of it since 1866 or 1867.

Other testimony on the part of the plaintiff was to the effect that the defendant had only been in possession of a small portion of the lot, covered by a hen house, since some time between 1870 and 1880. The defendant's testimony showed only that he supposed he had bought the lot of the plaintiff's predecessor in title in 1866. This was a mistake. It arose in this way. The lots were a part of a plat of land whereon Ocean street was marked out as adjoining the plaintiff's lot. Ocean street as actually laid out, opened and used, was fifty feet west of the platted location. The owner of the plat, Josiah King, sold sixty-nine lots on the plat, including lots on both sides of Ocean street, to Edward R. Mitchell in 1845. Mitchell then sold three lots by plat numbers, adding to the description the words : "Ocean street being on the west side thereof." Two of these lots, one on Summer street and the other on Winter street were deeded to Lucian Draper in 1852, who, in 1866, sold to the defendant a lot bounding southerly on Summer (now Colfax) street, fifty feet ; westerly on Ocean street, seventy-five feet ; north-

erly by other land of the grantor fifty feet, and easterly by other land of the grantor seventy-five feet.

No reference was made to the plat, other than that it was a portion of the land conveyed to the grantor by a deed in which the plat was referred to. As the only lot, according to numbers on the plat, which Draper owned on Summer street was lot 90, the defendant claims that he bought that lot; but this cannot be the effect of the deed. Mitchell, so far as appears, owning the land on both sides of Ocean street, sold not only lot 90, but all the intervening land to Ocean street; for unless something appears to qualify such a description, the boundary on a street will be deemed to be the street as opened and actually used. *Aldrich* v. *Billings*, 14 R. I. 233. Practically Mitchell added the land in the street, as shown on the plat, to lot 90 up to the line of Ocean street as opened and used. All that land, assuming that Mitchell had the right to convey it, came to Draper, who then sold the strip of fifty feet from Ocean street to the defendant. Draper's deed to the defendant does not purport to convey lot 90; but its terms expressly exclude it and bound the defendant's lot easterly on Draper's land. The defendant therefore has no record title to the lot. There is no plea of adverse possession in this case; but the defendant claims that by reason of his occupation of lot 90, Draper was disseized and so could not afterwards give a title to his grantee. The question then is whether the evidence, aided by the deed, would show a disseisin to bar the plaintiff's action. We think not. The question before us is not the effect of a holding for twenty years, but simply the question of a disseisin. It is essential to a disseisin that there should be an entry with the intention to usurp the possession and oust the true owner of his freehold. As Kent says: "There was a distinction between dispossession and disseisin; for disseisin was a wrong to the freehold, and made in defiance and contempt of the true owner. It was an open, exclusive, adverse entry and expulsion; whereas dispossession might be by right or by wrong; and it was necessary to look at the intention, in order to determine the character of the act." 4 Kent Com.

\*482. The mere fact of occupation of a vacant lot, without anything to show that such occupation was, or was intended to be, adverse, is not sufficient to create a disseisin. Judge Story said, in *Ricard* v. *Williams*, 7 Wheat. 59 : "The law will never construe a possession tortious unless from necessity. On the other hand it will consider every possession lawful, the commencement and continuance of which is not proved to be wrongful. And this upon the plain principle that every man shall be presumed to act in obedience to his duty, until the contrary appears. When therefore a naked possession is in proof, unaccompanied by evidence as to its origin, it will be deemed lawful and coextensive with the right set up." So also in *Doe* v. *Thompson*, 5 Cow. 371, it was said : "Disseisin is an estate gained by wrong and injury ; and therein it differs from dispossession which may be by right or wrong. The defendant was bound to show this tortious seizin affirmatively."

The defendant in the present case testified that he supposed he bought lot 90, and had fenced and planted it ; although the plaintiff testified that there was nothing on the lot except a hen house, until after Mr. Draper died. It did not appear when the defendant's supposition that he bought this lot arose, but however it may be, he did not testify that he had ever claimed the title to the lot to the knowledge of Draper or his grantees, or had done any act which would charge them with knowledge of such claim, or which would be inconsistent with a permissive occupation. The lot was vacant, and it is a significant fact that the defendant did not build his house upon it, but built it on the land covered by the description in his deed under the construction we have given to it, and upon the very land marked on the plat as Ocean street.

Accordingly, upon the principle above stated, the court found upon the question of fact that there was not sufficient evidence of an adverse possession. For aught that appeared, the defendant's occupation might have been with permission of the plaintiff's predecessors in title instead of being adverse to them. The production of the deed could not have changed

this finding of fact.   It would not have shown title in the defendant, nor anything more than a mistake in supposing that he bought the lot in question ;  a mistake which, so far as appears, may not have arisen at the time of the purchase ; which had been confined to his own mind ;  and which had not developed into any such claim of right, or intention to usurp the title, as would amount to a disseisin.   The doctrine of disseisin is not one now to be extended.   Under the feudal system, of which this is a relic, when title to land was not evidenced. by recorded deeds and the occupant rendered the service due, and was recognized by the lord of the manor as one of the *pares curiæ*, possession carried a presumption of right to which it is not entitled under a registry system.   Possession *quo animo* has therefore come to be the test of a disseisin, and to work an ouster of lawful title this should appear by strict proof.   As this did not appear from the evidence in this case and would not be made apparent by the introduction of a deed of other land, which is the only mistake alleged as a ground for a new trial, we think the petition for a new trial should be denied.

 *Richard B. Comstock & Rathbone Gardner*, for plaintiff.

 *Nathan W. Littlefield & Walter R. Stiness*, for defendant.