WIECHERS v. McCORMICK et al.

(Supreme Court, Appellate Division, Second Department. December 23, 1907.)

1. ADVERSE POSSESSION—INSUFFICIENT SHOWING.

Code Civ. Proc. § 369, provides that land is deemed to be held adversely where there has been a continued occupation and possession thereof for 20 years under an exclusive claim of title founded upon a deed, etc. Section 370 provides that, to constitute adverse possession, land is deemed to have been possessed and occupied where it has been cultivated or improved, or where it has been substantially inclosed or has been used for fuel supply or fencing timber, etc. *Held*, that plaintiff shows neither actual nor constructive possession of wild, uncultivated lands, claimed under a void tax deed, where the land was never occupied nor inclosed, excepting that a wire was recently strung on two sides thereof, where no building was ever erected thereon, and plaintiff's predecessor lived 2½ miles away from the land, though at various times from 1882 to 1906 the predecessor cut wood thereon for use on his farm and for sale, and a road was cut through the premises.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Adverse Possession, § 86.]

2. QUIETING TITLE—RIGHT TO MAINTAIN ACTION.

Under Code Civ. Proc. § 1638, authorizing one who has been for one year in possession of land claiming title thereto to sue to quiet title thereto, one who had no title to land and no right to occupation by adverse possession, and not in actual possession, was not entitled to judgment in such an action, however defective defendant's title might be.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Quieting Title, §§ 36–38, 44.]

3. SAME—TRACING TITLE TO SOVEREIGN POWER—NECESSITY FOR.

Though ordinarily to establish title to unoccupied lands it is necessary to trace it back to the sovereign power, where in an action to quiet title the parties stipulated that another conveyed the land to defendants' predecessor, it was not necessary that defendants so trace their title in order to establish it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Quieting Title, § 37.]

Appeal from Special Term, Suffolk County.

Action to quiet title by Emily Wiechers against Robert McCormick and others. From a judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

Charles S. Taber, for appellants.

Henry E. Wilke (Rowland Miles, on the brief), for respondent.

WOODWARD, J. This action was brought for the purpose of quieting conflicting claims to the title to about 60 acres of land situate

in the town of Brookhaven, Suffolk county, N. Y. During all the
period involved in this litigation the property has been wild land, cov-
ered with a growth of oak and chestnut in the northerly part, and with
pine and scrub oak in the southerly part. In May, 1882, the county
treasurer of Suffolk county, for the consideration of $13.41, executed
to one Charles W. Hawkins a deed of property described as "bounded
north and east by lands of J. H. Puleston, south by Long Island
Railroad, and west by Islip and Brookhaven line." This deed recited
that it was given in pursuance of a tax sale in May, 1882, for unpaid
taxes for the year 1878. The trial court held that the assessment and
sale upon which the tax deed was based were illegal and void; and
that Charles W. Hawkins acquired no title under them. The plain-
tiff, who derives her rights under and through Hawkins, contends,
however, that, notwithstanding the fact that the deed was void and con-
veyed no title, yet that Hawkins went into the possession of the prop-
erty in question, and for more than 20 years occupied the same under
an adverse claim of title, and that any rights the defendants had in
the premises have become barred by adverse possession and the statute
of limitation. The appellants claim, not only to be the owners of the
legal title as heirs and devisees of one John H. McCormick, but also
claim they are entitled to the possession of the land in question, and
that their rights have not been barred or defeated by adverse posses-
sion by the plaintiff or her grantors. The trial court found the plain-
tiff the owner in fee of the premises in dispute, and the defendants'
interest barred, by reason of adverse possession of the premises in dis-
pute for more than 20 years. The respondent's right to an affirmance
of that judgment turns upon the question whether the acts relied on
to constitute adverse possession make out such a case within the pro-
visions of the Code of Civil Procedure. Although other numerous ex-
ceptions have been argued on this appeal, it will be unnecessary to
refer to any of them if it should be determined that no case of ad-
verse possession has been established by the evidence in the case.
This brings us at once to a statement of the essential facts relied on
by the plaintiff to establish adverse possession against the defendants.

It is conceded that the lands in dispute were wild, uncultivated lands,
that they were never fenced or inclosed, saving that very recently a
single wire was strung on two sides of the property. No buildings
were ever erected on the property. Charles W. Hawkins, the grantee
in the tax deed, lived on a farm some 2½ miles distant from this
tract. The evidence, however, tends to show that at various times
from 1882 down to 1906 Hawkins cut firewood from the tract; that
this wood was not used on the property in question, but drawn 2½
miles away to Hawkins' own farm, of which the property in question
never formed a part. The evidence also shows that some bean poles
were cut and that some cordwood was sold to others. There is some
dispute as to the amount of wood cut and taken from the tract, but
the most favorable view does not disclose that any very considerable
quantity was cut, and in some years the evidence indicates none what-
ever was taken. Most of the cutting was done during the years be-
tween 1882 and 1891. The only other thing tending to show any im-
provement of the property is the fact that a road was cut through the

premises. These facts bring us to the consideration of the clear-cut proposition of law as to whether a case of adverse possession under the law has been established. We think the plaintiff has signally failed in this regard.

Section 369 of the Code of Civil Procedure provides:

"Where the occupant, or those under whom he claims, entered into the possession of the premises, under claim of title, exclusive of any other right, founding the claim upon a written instrument, as being a conveyance of the premises in question, or upon the decree or judgment of a competent court; and there has been a continued occupation and possession of the premises, included in the instrument, decree, or judgment, or of some part thereof, for twenty years, under the same claim; the premises so included are deemed to have been held adversely: except that where they consist of a tract, divided into lots, the possession of one lot is not deemed a possession of any other lot."

Section 370 defines what acts are necessary to constitute adverse possession as follows:

"For the purpose of constituting an adverse possession, by a person claiming a title, founded upon a written instrument, or a judgment or decree, land is deemed to have been possessed and occupied in either of the following cases: (1) Where it has been usually cultivated or improved. (2) Where it has been protected by a substantial inclosure. (3) Where, although not inclosed, it has been used for the supply of fuel, or of fencing timber, either for the purposes of husbandry, or for the ordinary use of the occupant. Where a known farm or a single lot has been partly improved, the portion of the farm or lot that has been left not cleared, or not inclosed, according to the usual course and custom of the adjoining country, is deemed to have been occupied for the same length of time, as the part improved and cultivated."

There must therefore be a continuous occupation and possession of the premises included in the instrument or of some part thereof for 20 years.

The evidence in this case shows neither actual nor constructive adverse possession. It shows no occupation whatever. In certain cases the statute does not require that the premises should be actually inclosed to make out case, as, to wit:

"Where, although not inclosed, it has been used for the supply of fuel, or of fencing timber, either for the purposes of husbandry, or for the ordinary use of the occupant."

There must, however, be an "occupant"—not necessarily of the entire tract, but of some part of the land claimed to be held adversely. The possession and occupation referred to in the sections of the Code is actual occupation of the premises or of some part of them, and not the occasional going upon the premises for the purpose of cutting wood, and drawing it off. These acts do not constitute occupation and possession of any part of the premises. They partake rather of the nature of trespasses on real property. To constitute adverse possession, the Legislature contemplates an actual and continued occupation of at least some part of the premises under a claim of title to it all, and where there has been no actual occupation of any part, and no inclosing, there can be no constructive adverse possession. This view has been repeatedly enunciated by the Court of Appeals. A leading case is that of Thompson v. Burhans, 79 N. Y. 93, where the plaintiff claimed a tract of 6,300 acres under a void tax deed. He showed

that he had erected upon the property in dispute a log shanty and barn, and cleared a quarter of an acre around there and had cut 300 or 400 logs from the uncleared land. Earl, J., in discussing the claim of adverse possession, said:

"That there was any actual possession of the land recovered cannot be well claimed. It was not inclosed. No part of it had ever been cultivated or improved. Whatever was done upon it was to take value from it, not to put value into it. It does not even appear that any one ever lived in the shanty, and no one representing the plaintiff was upon the land at the time of the alleged entry of the defendants or for some months before. Payment of taxes, surveying, and assertion of right do not constitute possession. They merely show a claim of title, and, whenever it is important to show that, they are material. Going upon land from time to time and cutting logs thereon does not give possession. Such acts are merely trespasses upon the land against the true owner, whoever he may be. Any other intruder may commit similar trespasses without liability to any other trespasser. Such acts do not constitute a disseisin of the true owner. One may gain actual possession of land by fencing it, or by cultivating and improving it, or by building upon it; and then he will have possession of as much as he has fenced, or cultivated and improved, or built upon with some land around and necessary for the buildings. * * * Nor did the plaintiff have any constructive possession of the land. Constructive possession is based upon a written title, which may be valid or invalid. The person having the valid title is always in law in the constructive possession of the land, unless he has become disseised. But a person claiming land under a defective conveyance must have actual possession of part of the land, and that gives constructive possession of other land contained in the conveyance. In other words, he must have a written conveyance of land, and he must enter into actual possession of a part thereof, claiming the whole, and then he may, under certain circumstances, have constructive possession of the whole. Constructive possession arises in no other way than this. But the definition I have given is not yet complete. The part not actually possessed must be for use with or subservient to that actually possessed, and have some necessary connection therewith. One may purchase and take a conveyance of land for a farm and have actual possession of but a small part thereof, and the balance, uninclosed, may be kept for future improvement, and for firewood and fencing and building timber, and he will have constructive possession of such uninclosed land. But such constructive possession will extend only to such land as is used in connection with the improved land actually possessed, and to only so much as is reasonable and proper for that purpose, according to the custom of the country."

In Bliss v. Johnson, 94 N. Y. 234, 242, Chief Judge Ruger said:

"The settled principles of law require courts to consider the true owner as constructively in possession of the land to which he holds the title, unless they are in the actual hostile occupation of another under a claim of title; and this rule is still more imperative in the case of wild and uncultivated tracts, or lands which are not legally susceptible of actual occupation and cultivation. Doe ex dem. Arden v. Thompson, 5 Cow. 371; Thompson v. Burhans, 79 N. Y. 99. This possession is deemed to continue until there is an actual disseisin and expulsion of the true owner from the land."

In Price v. Brown, 101 N. Y. 669, 671, 5 N. E. 434, the court said:

"A person cannot acquire title to an uninclosed, unoccupied, unimproved parcel of land by taking a deed thereof from one not the owner, and then merely going upon the land and there asserting his ownership; nor can he acquire the title by taking such a deed and then making an occasional foray upon the land for grass or sand, and thus committing trespass against the real owner. Miller v. L. I. R. R. Co., 71 N. Y. 380."

In Mission of the I. V. v. Cronin, 143 N. Y. 524, 38 N. E. 964, the property in dispute consisted of 30 acres of land on Rockaway Beach. It was uncultivated, unimproved, and unoccupied. Earl, J., there said:

"The plaintiff and its predecessors had exercised some acts of apparent ownership upon the land. They had claimed title to the land, surveyed it, marked the boundaries thereof by monuments, from time to time cut trees upon it, and for a few years paid the taxes thereon. All these acts, as we have frequently held, fall short of showing adverse possession as defined in the Code. Section 372; Wheeler v. Spinola, 54 N. Y. 377; Thompson v. Burhans, 61 N. Y. 52; Miller v. Long Island R. R. Co., 71 N. Y. 380; Thompson v. Burhans, 79 N. Y. 93; Price v. Brown, 101 N. Y. 669, 5 N. E. 434. * * * The plaintiff cannot claim constructive, possession of the land under section 370 of the Code, because no part of the tract was improved, and the trees cut therefrom were not cut for use upon the tract, but for use upon other land at least two miles distant."

We have no hesitation, therefore, in saying no case of actual or constructive adverse possession was made by the plaintiff, and the title of the defendants to the property in question remains unimpaired by any of the acts of the plaintiff or of her predecessors in title.

Having no title, and no right to occupation by adverse possession, and not being in actual possession, the plaintiff is entitled to no judgment in this action, however defective the defendants' title may prove. The plaintiff was entitled to maintain an action of this character only where for a year prior to the commencement of the action she had been "in possession" of the real property in dispute. Section 1638, Code Civ. Proc. The plaintiff held no record title or legal seisin of the premises in dispute so as to constitute constructive possession. Neither had she actual occupation of the land. Her right to a standing in court under the provisions of the section quoted failed.

It is asserted by the plaintiff that the defendants have established no title because they have failed to trace back their title to the sovereign power. This is ordinarily required to establish title to unoccupied lands. Greenleaf v. B., F. & C. I. R. Co., 141 N. Y. 395, 36 N. E. 393. In this case, however, it was expressly stipulated that one Martha A. Smith in 1858 "conveyed the property described in the complaint" to one of the defendants' predecessors in title, and through whom the defendants claim. We construe this stipulation to fairly mean, not simply that Martha Smith executed a deed describing the property, but that by the instrument she actually transferred the title to the property described. This concession having been made by stipulation, there remained no necessity of tracing the defendants' title back to the sovereign source.

The judgment should be reversed, and a new trial granted, costs to abide the final award of costs. All concur.